**MOHAJERIAN INC.**
**AL MOHAJERIAN,** CSBN 182013
**AARON G. CAPPS,** CSBN 215803
A Professional Law Corporation
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel: (310) 556-3800/Fax: (310) 556-3817

FOR COURT USE ONLY

Attorneys for Defendants Jayantilal Kanji Gogri, Chanchal J. Gogri, Mountain Mike's Pizza, and Chaudhariya, Inc.

## UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGVISION PAY-PER-VIEW, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> JAYANTILAL KANJI GOGRI AND CHANCHAL J. GOGRI, INDIVIDUALLY and d/b/a/ MOUNTAIN MIKE'S PIZZA, and CHAUDHARIYA, INC., d/b/a MOUNTAIN MIKE'S PIZZA, et al. <br><br> Defendants. | CASE NO.: C07-05738 <br><br> **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> **Honorable Richard Wieking** |

Defendants Jayantilal Kanji Gogri, Chanchal J. Gogri, individually and d/b/a Mountain Mike's Pizza and Chaudhariya, Inc. d/b/a Mountain Mike's Pizza hereby answer the complaint filed by Plaintiff Kingvision Pay-Per-View, Ltd. as follows:

## JURISDICTION

1. Answering paragraph 1 of the Complaint, Defendants admit that jurisdiction is found on the existence of a question arising under particular statutes. Furthermore, Defendants admit that Plaintiff purports to base jurisdiction on the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. Answering paragraph 2 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 2 and on that basis, deny each and every allegation contained therein.

3. Answering paragraph 3 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 3 and on that basis deny each and every allegation contained therein.

## VENUE

4. Answering paragraph 4 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 4 and on that basis deny each and every allegation contained therein.

## INTRADISTRICT ASSIGNMENT

5. Answering paragraph 5 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 5 and on that basis, deny each and every allegation contained therein.

## THE PARTIES

6. Answering paragraph 6 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and on that basis, deny each and every allegation contained therein.

7. Answering paragraph 7 of the Complaint Defendants admit that Jayantilal Kanji Gogri is affiliated with Mountain Mike's Pizza operating 31083 Mission Blvd., Hayward, California 94544. Defendants deny the remaining allegations in paragraph 7.

8. Answering paragraph 8 of the Complaint Defendants admit that Chanchal J. Gogri is affiliated with Mountain Mike's Pizza operating 31083 Mission Blvd., Hayward, California 94544. Defendants deny the remaining allegations in paragraph 8.

9. Answering paragraph 9 of the Complaint Defendants admit that Chaudhariya, Inc. is affiliated with Mountain Mike's Pizza operating 31083 Mission Blvd., Hayward, California 94544. Defendants deny the remaining allegations in paragraph 9.

## COUNT 1

### (Violation of Title 47 U.S.C. Section 605)

10. Answering paragraph 10 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and on that basis deny each and every allegation contained therein.

11. Answering paragraph 11 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 11 and therefore does not have enough information to admit or deny the allegations contained in paragraph 11.

12. Answering paragraph 12 of the Complaint Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 12 and therefore does not have enough information to admit or deny the allegations contained in paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 13 and on that basis deny each and every allegation contained therein.

14. Answering paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

15. Answering paragraph 15 of the Complaint, Defendants admit that Title 47 U.S.C. Section 605 prohibits the unauthorized publication or use of communication. However, Defendants deny the remaining allegations therein.

16. Answering paragraph 16 of the Complaint Defendants deny each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint Defendants deny each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT II

(Violation of Title 47 U.S.C. Section 553)

19. Answering paragraph 19 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 19 and on that basis deny each and every allegation contained therein.

20. Answering paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21. Answering paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

22. Answering paragraph 22 of the Complaint, Defendants deny each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT III

(Conversion)

24. Answering paragraph 24 of the Complaint, Defendants lack the knowledge or information sufficient to form a belief as to the allegations in paragraph 24 and on the basis are unable to admit or deny the allegations contained therein.

25. Answering paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

26. Answering paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

27. Answering paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

## PRAYER

Defendants further deny Plaintiff is entitled to the relief requested in the prayer section of the Complaint.

## AFFIRMATIVE DEFENSES

For their further and separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

28. Plaintiff's claim for relief in each and every one of its allegations fails to state a claim upon which relief would be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

29. Plaintiff's claim for relief is barred in whole or in part by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Latches)

30. Plaintiff unduly delayed in asserting its right and therefore its claim for relief is barred in whole or in part by the equitable doctrine of latches.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

31. Plaintiff's claim for relief is barred in whole or in part by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

32. The Complaint and every cause of action in part thereof is barred by each applicable statute of limitations including but not limited to statute of limitations for 47 U.S.C. Section 553 as well as 47 U.S.C. Section 605 *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

33. Plaintiff's claim for relief is barred in whole or in part because Plaintiff has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

34. Plaintiff's claim for relief is barred in whole or in part because Plaintiff was itself negligent or in some fashion responsible for its alleged injuries and damages and Defendants are entitled to have the amount of their liability, if any, eliminated or reduced by the amount of Plaintiff's fault and liability for its injuries and damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Constitutional Defenses Against Punitive Damages)

35. Plaintiff's claim for punitive or exemplary damages is barred by the Due Process Clause, the Unlawful Takings Clause, the Cruel and Unusual Punishment Clause, and by any and all applicable sections and portions of the California Constitution and the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE

#### (Acts Committed by a Person within the Scope of his/her Lawful Employment)

36. The acts alleged by Plaintiff were committed by Defendants within the scope of Defendant lawful employment and that Defendants were performing acts which were regionally necessary to their performance of their work assignment.

### TENTH AFFIRMATIVE DEFENSE

#### (Fair Use)

37. Defendants use of any of Plaintiff's alleged broadcast constituted fair use by Defendants and use was for criticism, news reporting, teaching scholarship or research.

**WHEREFORE, Defendants pray for judgment as follows:**

1. Plaintiff take nothing by way of its Complaint and this Complaint be dismissed with prejudice;
2. The Court deny any and all of Plaintiff's request for relief;
3. Judgment be entered in favor of the Defendants;
4. Defendants be awarded their cost and attorney's fees against Plaintiff; and
5. Defendants be awarded such other and further relief as this Court may deem just and proper.

Date: February 15, 2008

*Respectfully submitted,*
**MOHAJERIAN INC.**

By: _____
AL MOHAJERIAN
AARON G. CAPPS
Attorneys for Defendants Jayantilal Kanji Gogri, Chanchal J. Gogri, Mountain Mike's Pizza, and Chaudhariya, Inc.